## A. McKinney v. W. T. Noble and another.

1. A member of a connubial partnership died, leaving a will in which she attempted to appoint a third party guardian of her minor child, the issue of the marriage connection. *Held*, that the surviving parent was the natural guardian of the child, and that portion of the will which attempted to cast its guardianship upon another was void.
2. It is only the survivor of a marriage connection that can, by will, dispose of the guardianship of the minor child.

Appeal from Montgomery. Tried below before the Hon. James Masterson.

The appellant sued out a writ of *habeas corpus* in the court below, against the appellees, for the purpose of obtaining the custody of his minor daughter, C. Estelle McKinney.

In 1860, the appellant intermarried with Martha Noble, the daughter of appellee W. Noble, and sister of appellee W. T. Noble. The appellant and his wife separated in about a year after their marriage, and Martha returned to her father's house, and shortly afterwards gave birth to C. Estelle McKinney, the subject of this controversy.

The mother and child remained at the house of, and were supported by, the appellee W. Noble, till the death of the mother.

In 1869, appellant instituted suit against his wife for a divorce, and to obtain the custody of the child. The divorce was granted, but the care, maintenance, and education of the child, were awarded to the mother. In 1871 the mother died, and

willéd all of her property to the child, and appointed W. T. Noble executor of her will, and testamentary guardian of the child. Upon these facts the case went to trial, and the court below refused the prayer in the plaintiff's petition, and returned the child to its testamentary guardian ; and plaintiff appealed.

*N. Hart Davis*, for the appellant.

*J. Boone*, and *Baker & Maxcy*, for appellees.

OGDEN, J.   There is a universal law of nature, recognized by society, and enforced by governments, which gives to parents the care and custody of their minor offspring ; and whenever governments authorize or permit the violation of this general law, it is for good cause, dictated by the principles of humanity or the best interests of society.

Section 308 of the probate law of 1870, fully recognizes this universal law, by declaring, " The parents or the survivor of " them, except in certain cases, have a natural right and duty " to take care of the person of their minor children, and the " law makes no further provision for such cases."   Section 321 of the same act, enumerates the only exceptions to this general rule recognized by our law.   The latter clause of Section 308 is very peculiar, and clearly indicates that no authority or judicial discretion can legally interfere with this natural right of the parent, excepting in cases pointed out in Section 321. Ample provision is made for cases where the parents live separate ; but when one dies, the natural right of the survivor becomes the superior law, and must be obeyed and enforced, excepting in the cases specified.

The testimony in this case establishes the fact, that appellant is a very proper and capable person to have charge of the care and custody of the person of his child ; at least he is not one of the persons excepted from that right by Section 321 of the statute, and the courts have no authority to inquire further.   It is only the surviving parent who has the right under the statute to ap-

point by will a guardian for his or her minor children, and therefore the attempt of Mrs. Martha McKinney, to dispose of her daughter by will, was without authority of law, and therefore void, and it was error in the court in decreeing the execution of that clause.

Appellant has sought, by means of a writ of *habeas corpus*, to obtain the custody of his minor child, and has shown himself entitled to the relief prayed for in this respect, and we think the court erred in denying him that right, founded on higher authority than the statute, but which is clearly recognized by the laws of the State..

The judgment of the District Court is therefore reversed, and a judgment will be entered up here for the appellant, in accordance with the prayer of his petition, and the same will be certified below for observance.

                                   Reversed and rendered.